UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN M. ZINGALE | ) | |
| | ) | |
| Plaintiff | ) | Case Number |
| | ) | |
| vs. | ) | |
| | ) | CIVIL COMPLAINT |
| | ) | |
| NCO FINANCIAL SYSTEMS, INC. | ) | |
| & | ) | |
| BANK OF AMERICA, N.A. | ) | |
| & | ) | |
| ALPINE FINANCIAL SOLUTIONS, INC. | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendants | ) | |

**COMPLAINT AND JURY DEMAND**

**COMES NOW**, Plaintiff, John M. Zingale, by and through his undersigned counsel, Brent F. Vullings, Esquire of Vullings Law Group, LLC, complaining of Defendants, and respectfully avers as follows:

**I.   INTRODUCTORY STATEMENT**

1.    Plaintiff, John M. Zingale, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant, NCO and Alpine Financial for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices, as well as violations and against Defendants NCO and Bank of America for Breach of Contract.

## II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue in this District is proper in that Defendant, NCO, maintains a primary location in this District.

## III. PARTIES

4. Plaintiff, John M. Zingale, is an adult natural person residing at 6672 SE Lois Street, Hillsboro, OR 97123. At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, NCO Financial Systems, Inc. ("Defendant, NCO") is and was at all times relevant hereto a corporation engaged in the business of collecting debt within the State of Oregon and the Commonwealth of Pennsylvania and has a principal place of business located at 507 Prudential Road, Horsham, PA 19044.

6. Defendant, Bank of America, NA, ("Defendant, Bank of America"), is and was a banking corporation with core services that include consumer and small business banking, credit cards, and asset management. They are also engaged in the business of collection on said credit cards with a principal place of business located at 99 Founders Plaza, East Hartford, CT 06108.

7. Defendant, Alpine Financial Solutions, ("Defendant, Alpine"), is and was a corporation engaged in the business of collecting debt within the State of Colorado and the State of Oregon and has a principal place of business located at 3600 Beeler Street, Suite 300, Denver, Colorado 80237.

8. Defendants, all of them, are engaged in the collection of debts from consumers using the telephone and mail. Defendants, NCO and Alpine, are "debt collectors" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV. **FACTUAL ALLEGATIONS**

9. On or about February 23, 2010, Plaintiff along with his personal legal counsel entered into a debt settlement arrangement with Defendant, NCO, on a debt allegedly owed to Defendant, Bank of America. **See "EXHIBIT A" (settlement letter) attached hereto**.

10. Plaintiff was said to owe a debt of approximately $6,644.77.

11. Plaintiff was offered the opportunity to settle the account for $2,326.00 with Defendant, NCO, by making eighteen (18) monthly payments.

12. Plaintiff agreed to make fourteen (14) monthly payments of $100 by the 26th of each month beginning in February, 2010 and ending in March, 2011.

13. On or about April 26, 2011, Plaintiff would make the first of four (4) final payments to Defendant, NCO, in the amount of $231.50.

14. Plaintiff with assistance from his personal attorney made all payments as agreed upon.

15. Defendant accepted and did not return any payments through June, 2011.

16. In July, 2011, Defendant, NCO, returned Plaintiff's final payment.

17. At that time, Plaintiff's attorney called Defendant, NCO, and asked them to honor the final payment in Plaintiff's settlement arrangement.

18. Defendant, NCO, refused and insisted that the Plaintiff rework the account and pay a remaining balance of $2,045.00.

19. Plaintiff's attorney did not agree to enter a new settlement.

20. On or about August 31, 2011, Defendant, NCO, sent the Plaintiff a letter offering another settlement on a balance of $4,550.27 still said to be owed to Defendant, Bank of America.  **See "EXHIBIT B" (letter) attached hereto**.

21. Defendant, NCO, stated that Defendant, Bank of America, had authorized them to offer settlement of $2,045.00.

22. Plaintiff did not understand why Defendants, NCO and Bank of America, were trying to collect the remaining balance since Plaintiff had made all the payments agreed to in his original settlement arrangement.

23. Plaintiff did not enter into this settlement.

24. On or about December 14, 2011, Plaintiff's attorney received a notice from Defendant, Alpine, stating that had been given authority from Defendant, Bank of America, to offer the Plaintiff a settlement of $2,200.00 on his balance of $4,550.27.  **See "EXHIBIT C" (letter) attached hereto**.

25. Defendant, Alpine, wanted payment on or before December 29, 2011.

26. On or about December 15, 2011, Plaintiff's attorney received a second notice from Defendant, Alpine, informing the Plaintiff that a claim had been placed against him by Defendant, Bank of America.  **See "EXHIBIT D" (letter) attached hereto**.

27. Defendant, Alpine, went on to state that they hoped the Plaintiff's failure to pay this obligation was an oversight.

28. Plaintiff was to make full payment of $4,550.27, despite the fact that Plaintiff had already paid in full the agreed upon settlement between himself and Defendants, NCO and Bank of America.

29. Defendant, Alpine, has failed to honor the original settlement between Plaintiff and Defendants, NCO and Bank of America.

30. Defendants, NCO, and Bank of America, have blatantly failed to honor the settlement agreement that was promised and in place with the Plaintiff.

31. This Breach of Contract is at no fault of the Plaintiff.

32. Defendants, and all of them, acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequences of which is to harass, oppress, or abuse such person in connection with the collection of a debt that was in fact already paid.

33. The Defendants, and all of them, acted in a false, deceptive, misleading and unfair manner by threatening to take action that it did not intend to take for the purpose of coercing Plaintiff to pay the debt.

34. Defendants, NCO and Alpine, knew or should have known that their actions violated the FDCPA. Additionally, Defendants, NCO and Alpine, could have taken the steps necessary to bring their actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

35. At all times pertinent hereto, Defendants, and all of them, were acting by and through their agents, servants and/or employees, who were acting with the scope and

course of their employment and under the direct supervision and control of Defendants, herein.

36. At all times pertinent hereto, the conduct of Defendants, as well as their agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

37. As a result of Defendants, conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and he will continue to suffer same for an indefinite time in the future, all to his great detriment and loss.

## COUNT I – FDCPA - Plaintiff v. NCO and Alpine

38. The above paragraphs are hereby incorporated herein by reference.

39. At all times relevant hereto, Defendants, NCO and Alpine, were attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

40. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

> §§ 1692d    Any conduct the natural consequence of which is to harass, oppress or abuse any person
>
> §§ 1692e    Any other false, deceptive, or misleading representation or means in connection with the debt collection

| | | |
|---|---|---|
| §§ 1692e(10) | | Any false representation or deceptive means to collect a debt |
| §§ 1692f | | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendants, NCO and Alpine, for the following:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. § 1692k;

c. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d. Such additional and further relief as may be appropriate or that the interests of justice require.

## COUNT II - BREACH OF CONTRACT

### Plaintiff v. NCO & Bank of America

41. The above paragraphs are hereby incorporated herein by reference.

42. The facts set forth herein establish that there was a contractual relationship between the parties, whereby the Defendants, NCO, and Bank of America, promised to the Plaintiff the opportunity to participate in an agreed upon settlement. Plaintiff accepted the invitation that was offered and agreed to participate in the settlement.

43. Plaintiff fulfilled his contractual obligation by making timely payments.

44. Defendants, NCO and Bank of America, failed to abide by the contract terms.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendants, NCO and Bank of America, for the following:

      a.      Actual damages;

      b.      Reasonable attorney's fees and litigation expenses, plus costs of suit; and

      c.      Such additional and further relief as may be appropriate or that the interests of justice require.

## V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

Respectfully submitted,

**VULLINGS LAW GROUP, LLC**

**Date: April 20, 2012**      BY:  */s/ Brent F. Vullings BFV 8435*
      Brent F. Vullings, Esquire

Vullings Law Group, LLC
3953 Ridge Pike
Suite 102
Collegeville, PA 19426
610-489-6006
610-489-1997 (fax)
Attorney for Plaintiff